IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:17CV13-RJC-DSC

| | |
|---|---|
| TROY O. MILLER,<br>    Plaintiff,<br><br>  vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Commissioner of Social**<br>**Security Administration,**<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION**<br>**OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #10) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. PROCEDURAL HISTORY

The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on January 16, 2017. He assigns error to the Administrative Law Judge's (ALJ) treatment of his chronic obstructive pulmonary disease and asthma, and specifically to her conclusion that he had not been prescribed supplemental oxygen at any time prior to his date last insured (DLI).[2] Plaintiff's Memorandum at 2 (document #11). Plaintiff also assigns error to the Appeals Council's failure to remand based upon new and material evidence from Dr. Ahmed Elnaggar, his treating pulmonologist. Id. The parties' cross-Motions are ripe for disposition.

# II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

---

[2]Plaintiff was last insured for Title II benefits on December 31, 2012 (Tr. 25).

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time prior to expiration of his insured status.[3] Plaintiff challenges the ALJ's determination of his Residual

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

3

Functional Capacity ("RFC").[4]  The ALJ is solely responsible for assessing a claimant's RFC.  20 C.F.R. §§ 404.1546(c) & 416.946(c).  In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments.  SSR96-8p, available at 1996 WL 374184, at *2.  The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence."  Id.

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning.  See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172,

---

Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

[4]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations."  20 C.F.R. § 404.1545(a).  The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis."  20 C.F.R. § 404.1545(b).

177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

It is well settled that the Appeals Council must consider new evidence if it "is (a) new (b) material and (c) relates to the period on or before the date of the ALJ's decision." <u>Wilkins v. Sec'y, Dep't of Health & Human Servs.</u>, 953 F. 2d 93, 95-96 (4th Cir. 1991) (en banc), <u>superseded on other grounds</u> by 20 C.F.R. §404.1527; 20 C.F.R. §§404.976(b)(1), 416.1476(b)(1).

Applying those legal principles to the record here, the Court concludes that this matter should be remanded for a new hearing. During the April 30, 2015 hearing, the ALJ engaged in a lengthy exchange with counsel about whether Plaintiff had been prescribed supplemental oxygen prior to his DLI. (Tr. 69-74). The ALJ stated four times that she would leave the record open for Plaintiff to clarify when he was prescribed oxygen. <u>Id.</u> The ALJ went so far as to state that:

> I straddle the fence with this. There's some statements that can't yet be corroborated with the objective evidence. So I'm leaving a window open . . .And I do want to see what statements can be provided to help me better understand the true nature of claimant's pulmonary dysfunction…

(Tr. 69),

> I don't make any commitments to that at this point because I want to see what the outstanding records state. I want to make sure that I haven't missed something in Dr. Elnaggar's records. So if you will highlight for me and point out where the oxygen was prescribed or recommended….

(Tr. 70), and "[a]gain, I find [Plaintiff] credible. I just need enough to possibly tie it all together." (Tr. 72).

On June 5, 2015, the ALJ issued a decision denying benefits. The ALJ found that Plaintiff had not been prescribed oxygen prior to his DLI.

Plaintiff timely filed a Request for Review of Hearing Decision with the Appeals Council.

5

Plaintiff submitted a letter from Dr. Elnaggar, his treating pulmonologist, dated November 23, 2015. (Tr. 588). Dr. Elnaggar stated that he wrote to "clear some issues up" and indicated that on June 16, 2010, Plaintiff was prescribed oxygen. Id. Dr. Elnaggar further stated that "in addressing [his earlier] medical statement, where the 'none' was checked for O2, this was just an oversight on our part and we do apologize. Mr. Miller has COPD, and respiratory failure, and should be permanently disabled. With his lung disease he would not be able to maintain gainful employment."

During the hearing, the ALJ identified Plaintiff's oxygen use as significant and requested additional evidence on that issue. Her subsequent conclusion that he did not use oxygen prior to his DLI was based on an incomplete record and appears to be in error. It is not the Court's role to re-weigh the evidence or speculate as to what the ALJ might have done if she had the benefit of Dr. Elnaggar's letter. Hays, 907 F.2d at 1456. In short, Dr. Elnaggar's letter is new and material evidence that should be considered.

For this reason, the undersigned respectfully recommends that this matter be remanded for a new hearing.

## IV.  RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #10) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #14) be **DENIED**; and that the Commissioner's decision be **REVERSED**, and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

---

[5]Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without

6

Case 5:17-cv-00013-RJC-DSC   Document 16   Filed 10/06/17   Page 6 of 7

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: October 6, 2017

David S. Cayer
United States Magistrate Judge

---

remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).