UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:17-cv-00013-RJC-DSC

| | |
|---|---|
| TROY O. MILLER, | ) |
|     Plaintiff, | ) |
| v. | ) **ORDER** |
| NANCY A. BERRYHILL, | ) |
|   Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10); their Memorandum in Support, (Doc. No. 11); Defendant's Motion for Summary Judgment, (Doc. No. 14); their Memorandum in Support, (Doc. No. 15); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 16), recommending that this Court grant Plaintiff's motion. The parties have not filed objections to the M&R and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

## IV.  CONCLUSION

Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 14), is **DENIED**;

4. The Commissioner's decision is to be **REVERSED** and the matter **REMANDED** for a new hearing consistent with the M&R pursuant to Sentence Four of 42 U.S.C. §405(g).

Signed: February 21, 2018

Robert J. Conrad, Jr.
United States District Judge